David N. Lake, Esq., State Bar No. 180775
**LAW OFFICES OF DAVID N. LAKE**
 **A Professional Corporation**
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 479-9990
david@lakelawpc.com

*Attorney for Plaintiff Fredrick Tan*

[Additional counsel on signature page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| FREDERICK TAN, individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| THE FOLGER COFFEE COMPANY, a subsidiary of the J. M. SMUCKER COMPANY, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Frederick Tan ("Plaintiff" or "Tan"), on behalf of himself and all others similarly situated (the "Class Members"), brings this consumer class action complaint against defendant The Folger Coffee Company ("Defendant" or "Folgers"), for unlawful, unfair, and deceptive business practices. Plaintiff's allegations are based on the investigation of counsel, and the findings of Plaintiff's expert chemist, and are based on information and belief, except as to the allegations pertaining to Plaintiff individually, which are based on personal knowledge.

## NATURE OF THE ACTION

1.     Folgers coffee is a household name with sales comprising a significant portion of the $7.8 billion in net revenues reported by corporate parent, The J.M. Smucker Company, during its last fiscal year. It is estimated that Folgers has nationwide sales of approximately $1 billion. The coffee giant engages in false and deceptive package labeling on its brewed coffee containers with respect to the promised number of coffee servings contained in the package. Folgers misrepresents the number of servings its containers can provide in order to spur sales, and disadvantage competitors who do not make similar claims. As a result, consumers overpay, as they do not receive the number of coffee servings Folgers represents to be present in the container, to the detriment of the consumer. These types of consumer deceptions hit senior citizens and others on a limited budget hardest as they are led to believe they are getting a bargain when they are not. Short fill deception is meant to make comparison shopping difficult, if not impossible. Moreover, honest vendors—who do not resort to similar tactics—find themselves driven out of the market, or seriously disadvantaged.

2.     In a practice that offends reasonable consumer expectations, Defendant affirmatively represents on the coffee can label the expected number of cups of coffee that the container can produce when the coffee is brewed according

to provided instructions, but this information is false because the can does not contain enough coffee to produce anywhere near the number of cups represented. Thus, the labeling on Folgers coffee product canisters (the "Folgers Coffee Products")[1] prominently states that each canister will produce up to a certain number of six fluid ounce cups when, in fact, the coffee canisters at issue do not contain enough coffee to produce the volume of coffee cups represented if the given instructions are followed (the "Folgers Label Claims"). Plaintiff's expert, based on an analysis of several Folgers varieties, has produced a chart that shows the true number of servings contained within each coffee canister. *See infra,* ¶ 25. Other varieties are similarly misrepresented.

3.      Thus, the stated coffee cup yield information on the Folgers Coffee Products is deceptive and untrue. Plaintiff and the Class Members overpaid for the Folgers Coffee Products, as they did not receive (and could not receive) the represented amounts of servings and did not receive the "benefit of the bargain" when purchasing Folgers Coffee Products. For example, one of the canisters similar to those Plaintiff purchased, Folgers Classic Decaf, was advertised on Walmart.com on October 10, 2020 at $9.53 for 240 servings, which is roughly 4 cents per serving. But those who buy this product, which yields only about 181 suggested strength servings, are paying roughly 5.3 cents per serving. Adjusted, the price should be only about $7.24, $2.29 or roughly 24% less. By overpaying in this manner and failing to receive the benefit of the bargain, Plaintiff and the Class Members suffered monetary injury.

---

[1] The "Folgers Coffee Products" include the Folgers Classic Roast and Classic Roast Decaf purchased by Plaintiff, as well as the ½ Caff, CoffeeHouse Blend, Country Roast, Simply Smooth, Simply Smooth Decaf, 100% Colombian, Black Silk, Black Silk Decaf, Brazilian Blend, Breakfast Blend, French Roast, Gourmet Supreme, House Blend and Special Roast.

CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) in that: (1) this is a class action involving more than 100 Class Members; (2) Plaintiff is a citizen of California; Defendant is a citizen of the State of Ohio; and (3) the amount in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

5.     The Court has personal jurisdiction over Defendant because it conducts substantial business in California. Defendant has and continues to actively market, promote, and sell the Folgers Coffee Products in California through numerous retailers and online channels, and Defendant has sufficient minimum contacts with this State and/or has sufficiently availed itself of the market in this State through its marketing, promotion and sales within this State, including sales in the Albertson's, Smart & Final, Vons and Ralph's grocery chains, to render the exercise of jurisdiction by this Court permissible.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while Plaintiff resided in this judicial district.

## PARTIES

7.     Plaintiff Frederick Tan resides in Los Angeles County, California. During at least the past four years, Plaintiff purchased two Folgers product varieties: Folgers Classic Roast and Folgers Classic Decaf in local markets, including Albertson's, Smart & Final, Vons and Ralph's, containing the misrepresentations that are the subject of this suit. Plaintiff has used the coffee but has retained canisters of each type that have not been completely consumed. Plaintiff was injured in that he overpaid for the Folgers products purchased, in that he did not receive the amount of coffee represented to be made on the label. Indeed, Class Members continue to purchase these and similar products,

CLASS ACTION COMPLAINT

reasonably but incorrectly believing that they contain enough coffee to make the advertised number of servings. The Folgers Label Claims made on the products Plaintiff purchased and on all other varieties of Folgers ground coffee would deceive an objectively reasonable consumer.

8.     Defendant is a corporation organized and existing under the laws of the State of Ohio, with its headquarters and principal place of business at One Strawberry Lane, Orrville, OH 44667. Folgers is arguably the most well-known coffee maker/brand in the United States. The coffee giant excels in offering a wide range of products to customers, including varying flavors, roasts and strengths of coffee. Since the early 1990s, it has been the largest-selling brand of ground coffee in the United States. In the 1980s, Folgers' slogan "The best part of waking up is Folgers in your cup!" and the well-associated jingle became recognizable in households across the country, along with the Folgers name. Folgers generates an estimated $1 billion or more in sales each year, a significant portion of which is derived from sales of the Folgers Coffee Products in California. In 2008, Folgers was acquired by J.M. Smucker from Procter & Gamble for a reported $3 billion.

## FACTUAL ALLEGATIONS

9.     Defendant sells the Folgers Coffee Products to consumers based on the representation on the front label that the container contains enough ground coffee to make a specific number of servings. However, when following Defendant's own instructions, the Folgers Coffee Products do not contain enough ground coffee to make the number of servings represented by Defendant, whether by number of tablespoons or by weight. Defendant places a materially identical representation on the front label of most, if not all, of the Folger Coffee Products, although the number of represented servings varies based on the size of the container.

CLASS ACTION COMPLAINT

## FOLGERS CLASSIC ROAST

10.     According to Plaintiff's expert, Folgers is short-changing its customers by a significant amount (*See infra,* ¶ 22). In Plaintiff's case, for example, a coffee canister he purchased, Folgers Classic Roast, prominently states on the front label that it "MAKES UP TO 240 6 FL OZ CUPS." According to this canister, it contains 865 grams. Instructions on the back panel of the canister direct consumers to use the following measurements: "Cold Water: 1 Serving (6 fl. oz)" with "Folgers Coffee: 1 Tablespoon" which yields "1 Serving (6 fl. oz.)". This would lead the reasonable consumer to believe that this recipe produces coffee of "suggested strength," and therefore the same consumer would then expect to be able to produce 240 cups of equally strong coffee, obtained using the same recipe, *i.e.* the canister should contain 240 tablespoons of ground coffee.

11.     However, if the back-panel instructions are followed, the canister only produces approximately 170 six fluid-ounce-servings, 70 cups short of what Folgers represents on its front panel.

12.     As an alternative, the back label states that to brew 10 servings, add 10 servings of cold water (6 oz. each) and ½ measuring cup of Folgers coffee. However, ½ measuring cup is actually 8 tablespoons, a fact not commonly known to the general public. This alternative brew method for a canister that holds 865 grams produces approximately 210 standard servings of *diluted* coffee, not the 240 cups prominently advertised on the front of the canister. Thus, even if one were to assume that every pot of coffee made from the canister was based on a 10 servings recipe, the amount of coffee in the Classic Roast still falls short of the representation as to the number of cups which could be made from the canister, and the cups that would be made would be weak and diluted.

13.     The same shortfall is evident in other Folgers Classic Roast canisters. Indeed, another Folgers Classic Roast canister purports to produce up to 380 six

CLASS ACTION COMPLAINT

fluid ounce cups, stating on the front label: "MAKES UP TO 380 6 FL OZ CUPS." The canister contains 1360 grams of coffee. A consumer following the instructions on the label of the Folgers Classic Roast canister is directed to utilize one tablespoon of Folgers coffee to yield one six fluid ounce serving and would expect the canister to produce 380 cups of the "suggested strength" coffee. But the canister only produces approximately 267 six fluid ounce servings, 113 cups short of what Folgers represents the canister contains. Following the 10 serving recipe likewise produces far less than the 380 six fluid ounce cups – yielding just 334 standard, but *diluted*, servings.

## FOLGERS CLASSIC DECAF

14.     The Folgers Classic Decaf canister purchased by Plaintiff prominently states on the front label that it "MAKES UP TO 240 6 FL OZ CUPS." According to this canister, it contains 865 grams. Instructions on the back panel of the canister direct consumers to use the following measurements: "Cold Water: 1 Serving (6 fl. oz)" with "Folgers Coffee: 1 Tablespoon" which yields "1 Serving (6 fl. oz.)". This means that each Classic Decaf canister should contain 240 tablespoons of coffee to satisfy the representation on the front label. A reasonable consumer would follow the measurements supplied by the manufacturer to obtain the best results—*i.e*, the "suggested strength."

15.     However, if the back-panel instructions are followed, the canister only produces approximately 181 six fluid-ounce-servings, 59 cups short of what Folgers represents on its front panel.

16.     The alternative 10 serving recipe for coffee suggested by Folgers, in a canister that holds 865 grams, produces only 227 cups of *diluted* coffee, not the 240 cups advertised on the front of the canister. Thus, even if one were to assume that every pot of coffee made from the canister was based on a 10 servings pot, the amount of coffee in the Classic Decaf canister still falls short of the representation

as to the number of cups which could be made from the canister, and the cups that would be made would be weak and diluted.

## MEASUREMENT BY WEIGHT

17.    Moreover, even if one were to follow the instructions based on weight, the Folger Coffee Products still fall short of what is represented. The weight of 1 tablespoon of coffee varies by variety.[2]  Plaintiff's expert examined a sampling of Folgers Coffee Products, including the varieties purchased by Plaintiff, and discerned the following gram weights per tablespoon illustrated below. Based on these gram weights, the canisters simply do not contain enough coffee to produce the promised number of cups at the suggested strength. (*See* Chart, *infra* ¶ 22):



---

[2] https://espressocoffeeguide.com/how-much-coffee-per-cup/ (noting that 2 tablespoons is 10.6 grams); https://www.backyardbeans.com/blog/2017/11/1/how-much-coffee-should-i-use ("1 level tablespoon of beans or grounds is about 5 grams.").

18.    In each of the Folgers Coffee Products reviewed by the expert, the front panel prominently and conspicuously states the number of cups the canister will produce, as shown above and in the Classic Decaf and Classic Roast canisters illustrated below and taken from commercial websites to ensure the quality of the photograph but an accurate replica of one which Plaintiff purchased:



19.    The back panel of each relevant Folgers product contains the information with respect to a "serving" as illustrated:

CLASS ACTION COMPLAINT



20.     Until consumer complaints were filed in recent months, Folgers represented to consumers that 1 tablespoon of coffee was necessary to achieve one suggested strength cup of coffee on its own website. There, one found a calculator which advised customers how much coffee to use per cup. If one asked how to make 10 cups, the calculator advised to use ***10 tablespoons*** of Folgers Coffee:[3]

---

[3]  Screenshot was taken Sept. 9, 2020 from https://www.folgerscoffee.com/coffee-how-to/how-to-measure-coffee.  This instruction has now been deleted without explanation.

CLASS ACTION COMPLAINT



**EXPERT ANALYSIS**

21.     As noted, Plaintiff retained an expert to test Folgers' claims. The expert is a Ph.D. chemist with experience in the coffee industry, and with appropriate training in mathematical measurements and testing.   The expert personally brewed the varieties of coffee purchased by Plaintiff as well as the Folgers Black Silk variety. In making his assessment, he took into account standard scientific measurements applied to brewing coffee, such as extraction yield ("EY") and total dissolved solids ("TDS"), measured using an industry standard refractive index measurement. He calculated the exact gram weight per tablespoon for each variety. The expert also considered Folgers' assertion that: "The general rule is to add 1 level tablespoon of ground coffee per cup. For

CLASS ACTION COMPLAINT

example, 6 tablespoons of ground coffee would be recommended for making 6 cups."[4]

22.     The expert's conclusion is that the Folgers canister claims are false. Having personally brewed the coffee according to Folgers' instructions, verified the results and made scientific calculations, his findings are as follows as to the three varieties:

| Product | Canister mass (g) | Advertised cup limit (6 fl oz cups) | Mass of level tablespoon (g +/- 0.1 g) | Number of 6 fl oz cups attainable brewed using single serving recipe | Number of 6 fl oz cups attainable brewed using ten serving recipe | % Underfill for single serving recipe | % Underfill for ten serving recipe |
|---|---|---|---|---|---|---|---|
| Classic Roast | 1360 | 380 | 5.09 | 267 | 334 | 29.7 | 12.1 |
| Classic Decaf | 865 | 240 | 4.77 | 181 | 227 | 24.4 | 5.6 |
| Black Silk | 686 | 210 | 4.61 | 149 | 186 | 29.1 | 11.4 |

23.     While the expert specifically utilized a 1360 gram canister of the Folgers Classic Roast in his analysis, the same methodology provides the coffee yield for the 865 gram canister of Folgers Classic Roast purchased by Plaintiff. This canister promises 240 servings, but merely yields approximately 170 single six fluid ounce cups or 212, *diluted*, six fluid ounce cups using the ten serving recipe. Thus, the 865 gram canister of Folgers Classic Roast has a 29.2 % underfill based on the single serving recipe or a 11.7% underfill for the ten serving recipe.

24.     Folgers has previously acknowledged that its coffee yield per canister is not accurate. In a website, *Truthinadverising.com*, the editors doubted the ability of a Folgers' canister to produce the number of cups as advertised. Folgers responded, noting that it suggests using *1-2 tablespoons* of ground coffee for every 6 fl. ounces of water based on personal preference, which would have an impact on the number of cups a canister will yield. Folgers then indicated that a 30.5 oz.

---

[4]  https://www.folgerscoffee.com/frequently-asked-questions, Question 3: "What Is The Best Way to Brew Ground and Whole Bean Coffee?" (last accessed Sept. 9, 2020).

CLASS ACTION COMPLAINT

container, without reference to the type of coffee, "should yield about 215-240 cups per canister." (https://www.truthinadvertising.org/folgers/). However, this information is not widely known or disseminated, and is contrary to the representations that Folgers continues to make on the front of the canisters.

## CONSUMER CONFIRMATION

25. Recent publicity concerning this issue has brought forth thousands of comments on websites from dissatisfied Folgers consumers. For example:

- Karen A. stated: "Please add me [to a consumer action]…the last container I bought said up to 270 cups and that was not true."
- Erika D. reported: "I also had this problem [of underfill] but I would just shrug it off because it's my favorite brand of coffee."
- Theresa said: "Please add me. I buy Folgers all the time and I never realized why my coffee never lasted as long as it should have."
- Victoria S. complained: "I drink Folgers coffee every day. I knew I was getting short changed."
- Celeste F. observed: "I have purchased 5 of these containers and they go too fast for the [amount] stated in them."[5]

## FOLGERS' FALSE LABELING HARMS CONSUMERS

26. The Folgers Label Claims are objectively deceptive and, as alleged herein, violate the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* and California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, and constitute breaches of express and implied warranty, intentional and negligent misrepresentation and unjust enrichment.

---

[5] All quotes from https://topclassactions.com/lawsuit-settlements/consumer-products/beverages/folgers-class-action-says-coffee-servings-are-inflated/ (last accessed Sept. 9, 2020).

27.    Throughout the Class Period defined below, Defendant has engaged in, and continues to engage in, the Folgers Label Claims. As a result, Defendant has sold thousands, if not millions, of Folgers Coffee Products to unsuspecting consumers across United States and California through its retailers and online sales channels during the Class Period.

28.    Defendant's Folgers Label Claims are false as discussed above, based on the fact that the Folgers Coffee Products are represented as having characteristics that they, in fact, do not have.

29.    Defendant's Folgers Label Claims are material since this practice was likely to deceive Plaintiff and the Class Members acting reasonably in the same circumstances.

30.    Plaintiff and the Class Members suffered injury in fact and lost money as a result of Defendant's deceptive practices in that they: (1) paid more for a Coffee Product that was not as represented; (2) were deprived of the benefit of the bargain because the Folgers Coffee Products they purchased were materially different than what Defendant had stated on the label; and (3) were deprived of the benefit of the bargain because the Folgers Coffee Products they purchased had less value than what Defendant represented.

## **CLASS ALLEGATIONS**

31.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

32.    Plaintiff brings this action on behalf of himself and all other similarly situated Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks certification of the following Classes:

Nationwide Class

All persons who purchased any of the Folgers Coffee Products in the United States within the applicable statute of limitations period.

California Subclass

All persons who purchased any of the Folgers Coffee Products in the State of California within the applicable statute of limitations period.

33.     Excluded from the Classes are Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest as well as all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

34.     Plaintiff is a member of the Nationwide Class and the California Subclass.

35.     Numerosity: The members of the Classes are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that the proposed Classes contain hundreds or even thousands of individuals who have been damaged by Defendant's conduct as alleged herein. The precise number of Class Members is unknown to Plaintiff but may be determined with reasonable accuracy through class discovery.

36.     Existence and Predominance of Common Questions of Law and Fact: This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. These common legal and factual questions include, but are not limited to, the following:

CLASS ACTION COMPLAINT

a.      Whether Defendant made false and/or misleading statements to the Class, the Subclass and the public concerning the cup yield in the Folgers Coffee Products;

b.      Whether Defendant omitted material information to the public concerning the actual cup yield of the Folgers Coffee Products;

c.      Whether Defendant's packaging for the Folgers Coffee Products is misleading and deceptive;

d.      Whether the container label on the Folgers Coffee Products is misleading and deceptive;

e.      Whether Defendant's conduct violates the law; and

f.      Whether Plaintiff and the Class Members have been damaged and if so the proper calculation of damages.

37.   <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class Members because, *inter alia,* all Class and Subclass Members have been impacted in the same way by Defendant's false and misleading label claims about the serving yield of its Folgers Coffee Products. Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Class and Subclass.

38.   <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Class and Subclass. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no antagonistic or adverse interest to those of the Class and Subclass.

39.   <u>Superiority</u>: The nature of this action and the nature of the laws available to Plaintiff and the Class and the Subclass make the use of the class action format a particularly efficient and appropriate procedure to afford relief to him and the Class and the Subclass for the wrongs alleged. The damages or other financial detriment suffered by individual members of the Class and Subclass are

miniscule compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for Plaintiff and the members of the Class and Subclass, on an individual basis, to obtain effective redress for the wrongs done to them. Absent the class action, members of the Class and Subclass would not likely recover, or would not likely have the chance to recover, damages and/or restitution from Defendant, which would continue to retain the proceeds of its wrongful conduct.

## FIRST CLAIM FOR RELIEF
### Violation of California's Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*
#### (for the California Subclass)

40.     Plaintiff realleges and incorporates by reference the allegations previously asserted above.

41.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant pursuant to California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

42.     The Folgers Coffee Products are "goods" within the meaning of Cal. Civ. Code § 1761(a), Defendant is a  "person" within the meaning of Cal. Civ. Code § 1761(c), and the purchases of such Folgers Coffee Products by Plaintiff and members of the California Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

43.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." By marketing the Folgers Coffee Products with their current packaging, Defendant has represented and continues to represent that the Folgers Coffee Products have characteristics (*i.e.*, contain enough ground

coffee to make up to a specified number of servings) that they do not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

44.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Folgers Coffee Products with their current packaging, Defendant has represented and continues to represent that the Folgers Coffee Products are of a particular standard (*i.e.*, contain enough ground coffee to make up to a certain number of servings) which they do not possess. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

45.    Cal. Civ. Code §1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By marketing the Folgers Coffee Products as containing enough ground coffee to make a specified number of servings, but not intending to sell the Folgers Coffee Products as such, Defendant has violated section 1770(a)(9) of the CLRA.

46.    At all relevant times, Defendant has known or reasonably should have known that the Folgers Coffee Products did not contain enough ground coffee to make the represented number of servings, and that Plaintiff and other members of the California Subclass would reasonably and justifiably rely on the packaging in purchasing the Folgers Coffee Products.

47.    Plaintiff and members of the California Subclass have justifiably relied on Defendant's misleading representations when purchasing the Folgers Coffee Products. Moreover, based on the materiality of Defendant's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of the California Subclass.

48.    Plaintiff and members of the California Subclass have suffered and continue to suffer injuries caused by Defendant because they would have paid significantly less for the Folgers Coffee Products, or would not have purchased

them at all, had they known that the Folgers Coffee Products contain substantially less ground coffee to make the promised number of servings.

49.    An objectively reasonable consumer would have been deceived by the Folgers Label Claims, as they are inaccurate and misleading. Defendant's practices are unfair and deceptive. Thus, Plaintiff requests that this Court enjoin Defendant from continuing to violate the CLRA as discussed herein and/or from violating the CLRA in the future.

**SECOND CLAIM FOR RELIEF**
**Violation of California's False Advertising Law,**
**California Business & Professions Code § 17500,** *et seq.*
***(for the California Subclass)***

50.    Plaintiff realleges and incorporates by reference the allegations previously asserted above.

51.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant pursuant to California's False Adverting Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq.

52.    The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

53.    Defendant has represented and continues to represent to the public, including Plaintiff and members of the Subclass, through its deceptive packaging, that the Folgers Coffee Products contain enough ground coffee to make substantially more servings than they can actually make. Because Defendant has

disseminated misleading information regarding the Folgers Coffee Products, and Defendant knows, knew, or should have known through the exercise of reasonable care that the representations were and continue to be misleading, Defendant has violated the FAL.

54.     As a result of Defendant's false advertising, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the Subclass.

55.     Plaintiff requests that this Court cause Defendant to restore this fraudulently obtained money to them and members of the Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members the California Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## THIRD CLAIM FOR RELIEF
### Violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, *et seq.* (*for the California Subclass*)

56.     Plaintiff realleges and incorporates by reference the allegations previously asserted above.

57.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

58.     The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

59.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendant's false and misleading advertising of the Folgers Coffee Products was and continues to be "unlawful" because it

violates the CLRA, the FAL, and other applicable laws as described herein. As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff and members of the California Subclass.

60.     Under the UCL, a business act or practice is "unfair" if the Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the packaging. Deceiving consumers as to how many cups of coffee the Products can make is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff and members of the California Subclass.

61.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Folgers Coffee Products contain enough ground coffee to make substantially more servings than they can actually make. Because Defendant misled Plaintiff and members of both Classes, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the California Subclass.

62.     Plaintiff requests that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to them, and members of both Classes, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the

CLASS ACTION COMPLAINT

future as discussed herein. Otherwise, Plaintiff and members of the California Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## FOURTH CLAIM FOR RELIEF
### Breach of Express Warranty
### *(for the California Subclass)*

63.     Plaintiff realleges and incorporates by reference the allegations previously asserted above.

64.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

65.     California's express warranty statute provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

66.     Defendant has expressly warranted on the Folgers Coffee Products' packaging that they can make up to a specific number of servings. For example, Defendant expressly state on the packaging of the 865 gram canister for Folgers Classic Roast that it "MAKES UP TO 240 6 FL OZ CUPS." However, as alleged herein, this express representation is patently false, as this canister can only make up to 170 cups of coffee, or only about 70% of the amount of ground coffee promised by Defendant. All of the other varieties of the Folgers Coffee Products contain materially identical express representations that are false.

67.     These representations about the Folgers Coffee Products: (a) are affirmations of fact or promises made by Defendant to consumers that the Folgers Coffee Products contain enough ground coffee to make a specific number of

CLASS ACTION COMPLAINT

servings; (b) became part of the basis of the bargain to purchase the Folgers Coffee Products when Plaintiff and other consumers relied on the representation; and (c) created an express warranty that the Folgers Coffee Products would conform to the affirmations of fact or promises. In the alternative, the representations about the Folgers Coffee Products are descriptions of goods which were made as part of the basis of the bargain to purchase the Folgers Coffee Products, and which created an express warranty that the Folgers Coffee Products would conform to the product description.

68.   Plaintiff and members of the California Subclass reasonably and justifiably relied on the foregoing express warranties, believing that the Folgers Coffee Products did in fact conform to those warranties.

69.   Defendant has breached the express warranties made to Plaintiff and members of the California Subclass by failing to manufacture the Folgers Coffee Products with enough ground coffee to make the specific number of servings that were expressly warranted on the packaging.

70.   Plaintiff and the California Subclass paid a premium price for the Folgers Coffee Products but did not obtain the full value of the Folgers Coffee Products as represented. If Plaintiff and members of the Classes had known of the true nature of the Folgers Coffee Products, they would not have been willing to pay the premium price associated with the Folgers Coffee Products.

71.   As a result, Plaintiff and the California Subclass suffered injury and deserve to recover all damages afforded under the law.

///

CLASS ACTION COMPLAINT

## FIFTH CLAIM FOR RELIEF
### Breach of Implied Warranty
### *(for the California Subclass)*

72.     Plaintiff realleges and incorporates by reference the allegations previously asserted above.

73.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass.

74.     California's implied warranty of merchantability statutes provide that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

75.     California's implied warranty of merchantability statutes also provide that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

76.     Defendant is a merchant with respect to the sale of the Folgers Coffee Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Folgers Coffee Products to California consumers.

77.     By advertising the Folgers Coffee Products with their current packaging, Defendant made an implied promise that the Folgers Coffee Products contain enough ground coffee to make up to a specific number of servings. The Folgers Coffee Products have not "conformed to the promises…made on the container or label" because they do not contain enough ground coffee to make up to the specific number of servings. Plaintiff, as well as California consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable.

78.     Therefore, the Folgers Coffee Products are not merchantable under California law and Defendant has breached its implied warranty of merchantability with regard to the Folgers Coffee Products.

79.     If Plaintiff and members of the Classes had known that the Products could not make as many servings of coffee as represented, they would not have been willing to pay the premium price associated with them. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and the California Subclass suffered injury and deserve to recover all damages afforded under the law.

**SIXTH CLAIM FOR RELIEF**
**Intentional Misrepresentation**
***(for the Class and Subclass)***

80.     Plaintiff realleges and incorporates by reference the allegations previously asserted above.

81.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

82.     Defendant marketed the Folgers Coffee Products in a manner indicating that they contain enough ground coffee to make up to a specific number of servings. However, the Folgers Coffee Products cannot make anywhere close to the represented number of servings. Therefore, Defendant has made misrepresentations about the Folgers Coffee Products.

83.     Defendant's misrepresentations regarding the Folgers Coffee Products are material to a reasonable consumer because they relate to the amount of product the consumer is receiving and paying for. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

CLASS ACTION COMPLAINT

84.     At all relevant times when such misrepresentations were made, Defendant knew that the representations were misleading, or has acted recklessly in making the representations, without regard to the truth.

85.     Defendant intends that Plaintiff and other consumers rely on these representations, as evidenced by the intentional and conspicuous placement of the misleading representations on the Folgers Coffee Products' packaging by Defendant.

86.     Plaintiff and the other members of the Class and Subclass have reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Folgers Coffee Products, and had the correct facts been known, would not have purchased them at the prices at which they were offered.

87.     Therefore, as a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and members of the Class and Subclass have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
### Negligent Misrepresentation
### *(for the Class and Subclass)*

88.     Plaintiff realleges and incorporates by reference the allegations previously asserted above.

89.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

90.     Defendant marketed the Folgers Coffee Products in a manner indicating that they contain enough ground coffee to make a specific number of servings. However, the Folgers Coffee Products cannot make anywhere close to

CLASS ACTION COMPLAINT

the represented number of servings. Therefore, Defendant has made misrepresentations about the Folgers Coffee Products.

91.     Defendant's misrepresentations regarding the Folgers Coffee Products are material to a reasonable consumer because they relate to the amount of product the consumer is receiving and paying for. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

92.     At all relevant times when such misrepresentations were made, Defendant knew or had been negligent in not knowing that that the Folgers Coffee Products did not contain enough ground coffee to make the specified number of servings. Defendant had no reasonable grounds for believing its misrepresentations were not false and misleading.

93.     Defendant intended that Plaintiff and other consumers rely on these representations, as evidenced by the intentional and conspicuous placement of the misleading representations on the Folgers Coffee Products' packaging by Defendant.

94.     Plaintiff and members of the Class and Subclass have reasonably and justifiably relied on Defendant's negligent misrepresentations when purchasing the Folgers Coffee Products, and had the correct facts been known, would not have purchased them at the prices at which they were offered.

95.     Therefore, as a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and members of the Class and Subclass have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Folgers Coffee Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

CLASS ACTION COMPLAINT

### EIGHTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
#### *(for the Class and Subclass)*

96.    Plaintiff realleges and incorporates by reference the allegations previously asserted above.

97.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

98.    As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff and members of the Class and Subclass to induce them to purchase the Folgers Coffee Products. Plaintiff and members of the Class and Subclass have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendant. Plaintiff and members of the Class and Subclass therefore have been induced by Defendant's misleading and deceptive representations about the Folgers Coffee Products, and paid more money to Defendant for the Folgers Coffee Products than they otherwise would and/or should have paid.

99.    Plaintiff and members of the Class and Subclass have conferred a benefit upon Defendant as Defendant has retained monies paid to them by Plaintiff and members of the Class and Subclass.

100.   The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Class and Subclass – *i.e*., Plaintiff and members of the Class and Subclass did not receive the full value of the benefit conferred upon Defendant.

101.   Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them without paying Plaintiffs and the members of the Class and Subclass back for the difference of the full value of the benefits compared to the value actually received.

102.   As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Class and Subclass are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from their deceptive, misleading, and unlawful conduct as alleged herein.

## **<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff, on behalf of himself and the Class and Subclass, demands judgment against Defendant and requests the entry of:

A.     An order certifying the Class and Subclass as requested herein, appointing Plaintiff as Class Representative, and appointing his counsel as Class Counsel;

B.     An order declaring that the conduct complained of herein violates the law, and awarding damages;

C.     An order requiring Defendant to adopt proper label statements;

D.     An award of attorneys' fees and the reimbursement of litigation costs; and

E.     Such other and further relief as this Court may deem just, equitable, or proper.

*///*

CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all claims presented herein so triable.

DATED: October 13, 2020

LAW OFFICES OF DAVID N. LAKE,
A PROFESSIONAL CORPORATION


By: _____
    DAVID N. LAKE
    Attorneys for Plaintiff and the
    Classes

**OF COUNSEL:**

Laurence D. Paskowitz
**THE PASKOWITZ LAW FIRM P.C.**
208 East 51st Street, Suite 380
New York, NY 10022
Telephone: 212-685-0969
Email: lpaskowitz@pasklaw.com


Beth A. Keller
**LAW OFFICES OF BETH A. KELLER, P.C.**
118 North Bedford Road, Suite 100
Mount Kisco, NY 10549
Telephone: 914-752-3040
Email: bkeller@keller-lawfirm.com


Emily Komlossy
**KOMLOSSY LAW P.A.**
4700 Sheridan Street, Suite J
Hollywood, FL 33021
Telephone: (954) 842-2021
Facsimile: (954) 416-6223
Email: eck@komlossylaw.com

CLASS ACTION COMPLAINT