David N. Lake, Esq., State Bar No. 180775
**LAW OFFICES OF DAVID N. LAKE**
 **A Professional Corporation**
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 479-9990
david@lakelawpc.com

*Attorney for Plaintiff Frederick Tan*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK TAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>THE FOLGER COFFEE COMPANY, a subsidiary of the J.M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 2:20-cv-09370-JGB-SHK<br><br>Judge: Hon. Jesus G. Bernal |
| SHELLY ASHTON, JAY SCHOENER, and RAMON IBARRA, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>THE J.M. SMUCKER CO., an Ohio corporation; THE FOLGER COFFEE COMPANY, an Ohio corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-00992-JGB-SHK<br><br>Judge: Hon. Jesus G. Bernal<br><br>**DECLARATION OF LAURENCE D. PASKOWITZ IN SUPPORT OF PLAINTIFF TAN'S MOTION TO CONSOLIDATE CASES, APPOINT A LEADERSHIP STRUCTURE FOR PLAINTIFFS, PROVIDE FOR A CONSOLIDATED COMPLAINT, AND SET BRIEFING SCHEDULE** |

I, Laurence D. Paskowitz, declare as follows:

1.  I am a member of the Paskowitz Law Firm, P.C., co-counsel for Plaintiff Frederick Tan ("Plaintiff" or "Tan"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto. I submit this declaration in support of Plaintiff Tan's Motion to Consolidate Cases, Appoint a Leadership Structure for Plaintiffs, Provide for a Consolidated Complaint and Set Briefing Schedule. I am duly admitted in this case *pro hac vice*.

2.  Plaintiff Tan filed his action on October 14, 2020. His class action complaint alleges that Folgers violated California consumer statutes and the common law by selling coffee products that misrepresent the number of servings of coffee that can be obtained from a canister. Plaintiff retained an expert who is a Ph.D. chemist with experience in the coffee industry and appropriate training in mathematical measurements and testing to evaluate Plaintiff Tan's claims. He confirmed they are valid, and well-supported. Complaint, ¶ 21.[1]

3.  Although this case was originally assigned to Judge Fisher, on October 21, 2020, Plaintiff's case was transferred to this Court's docket, as it was deemed related to *Ashton*. Such a determination was made on the basis of similarities between the two actions as detailed in Plaintiff's Notice of Related Cases filed in the *Tan* action and the *Ashton* action on October 19, 2020 (Dkt. Nos. 13 and 42, respectively). For example, the *Ashton* action, also commenced as a class action, names Folgers as a defendant. Both the *Ashton* action and the *Tan* action assert claims for violation of CLRA, FAL and UCL, as well as claims for

---

[1] In *Ashton,* Defendant has asserted in its motion to dismiss that: "There is no allegation that the Products are actually incapable of making the represented amount of coffee." (Dkt. No. 36 at 6). That criticism is answered by Tan's expert, as cited in his Complaint at ¶¶ 10, 21-24.

2

Case No.: 2:20-cv-09370-JGB- (SHKx)
Case No.: 2:20-cv-00992-JGB- (SHKx)
DECLARATION OF LAURENCE D. PASKOWITZ IN SUPPORT OF MOTION TO CONSOLIDATE

Breach of Express and Implied Warranties, Intentional and Negligent Misrepresentation, Quasi Contract/Unjust Enrichment/Restitution.[2]

4. Plaintiff Tan submits that consolidation and appointment of a leadership structure for plaintiffs are appropriate and that the Court should enter a briefing schedule for the filing of a consolidated complaint and Folgers' anticipated motion(s) to dismiss.

5. Counsel in *Ashton* and *Tan* conferred telephonically on Monday, November 2, 2020, during which Tan's counsel proposed consolidation of the actions and informal coordination between plaintiffs in this action and in an action pending in the Southern District of Florida against Folgers in which Plaintiff is represented by the same counsel who represent Plaintiff Tan in this California action. That action is *Sorin v. The Folger Coffee Co.*, Case No. 9:20-cv-80897, in the U.S. District Court for the Southern District of Florida.

6. On November 5, 2020, counsel in *Ashton* advised Plaintiff Tan's counsel that they did not believe consolidation was appropriate nor did they support the appointment of a plaintiff leadership structure related thereto. Also on November 5, 2020, counsel for Plaintiff Tan agreed by email with Defendant Folgers that both Plaintiff Tan and Folgers support consolidation. Folgers, however, does not join at this juncture in any request concerning leadership of the action or an Order requiring and setting a date for the filing of a consolidated complaint.

---

[2] The *Ashton* action asserts additional New York claims on behalf of a subclass of New York consumers, as well as a claim under the Magnuson-Moss Warranty Action. However, Plaintiff's counsel in the *Tan* Action are prosecuting a similar case against Folgers on behalf of a proposed class of Florida consumers.

3

7. The related actions present common issues of law and fact, and consolidation, along with the appointment of a plaintiff case management structure will promote the interests of justice, judicial economy, and efficiency.

8. The firms representing plaintiffs in the *Ashton* action and *Tan* action have extensive knowledge and experience in litigating class and other representative actions. The experiences and previous successes of each of plaintiffs' respective law firms will be brought to bear on the consolidated action. Indeed, an organizational structure appointing counsel from both the *Tan* action and *Ashton* action will enhance the benefits of consolidation and streamline the case management process by ensuring that the interests of the California, New York and Florida plaintiffs are represented. *See* Paskowitz Law Firm P.C. Firm Resume attached as Exhibit A.

9. Accordingly, Tan respectfully requests that the Court direct plaintiffs' counsel in the related actions to confer and select one firm from the *Tan* action and one firm from the *Ashton* action to represent plaintiffs in the consolidated action.

I declare under penalty of perjury that the foregoing is true and correct on this 13th day of November 2020.

*Laurence D. Paskowitz*
Laurence D. Paskowitz

4

Case No.: 2:20-cv-09370-JGB- (SHKx)
Case No.: 2:20-cv-00992-JGB- (SHKx)
DECLARATION OF LAURENCE D. PASKOWITZ IN SUPPORT OF MOTION TO CONSOLIDATE